## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| LOUIS ELLIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:13-cv-01398-LSC-JEO |
| | ) | |
| WARDEN SCONYERS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Petitioner

Louis Ellis, Jr., an Alabama state prisoner acting *pro se*. (Doc.[1] 1). Upon careful

consideration of the claims, the court finds the petition is due to be denied.

## I.

Ellis was convicted following a jury trial of second degree robbery. (Doc.

4-7 at 17 (Ex. B[2] at 282)). He was sentenced as an habitual offender to twenty-

five years custody. (*Id*. at 21-23) Ellis appealed his conviction to the Alabama

Court of Criminal Appeals, asserting that (1) the trial court violated his right to a

---

[1]References to "Doc(s)___" are to the documents number of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF system, which may not correspond to pagination on the original "hard copy" presented for filing.

[2]References to "Ex. __" are to the respondent's exhibits offered in support of his answer. (*See* Doc. 4).

speedy trial and (2) the evidence adduced at trial was insufficient to sustain his conviction.  (Doc. 4-8 at 7 (Ex. E at 4)).  The Court of Criminal Appeals rejected his claims, affirming his conviction and sentence.  (Doc. 4-10 (Ex. E)).  The Alabama Supreme Court denied his petition for a writ of certiorari.  (Doc. 4-1 at 2 (Ex. at 2)).

Ellis filed a post conviction petition pursuant to Alabama Rule of Criminal Procedure 32.  (Doc. 4-13 (Ex. H)).  He appealed the denial of that petition to the Court of Criminal Appeals.  The appeal was dismissed because Ellis failed to pay the docket fee.  (Doc. 4-14 (Ex. I)).  Ellis then filed a petition for a writ of mandamus with the Alabama Supreme Court.  (Doc. 4-15 (Ex. J)).  It was struck for "fail[ing] to state a claim for relief that is available by way of a mandamus petition or for relief that is available from the Alabama Supreme Court."  (*Id*.)

Ellis filed a second Rule 32 petition.  Therein, he asserted (1) that he is entitled to proceed because the Court of Criminal Appeals improperly dismissed his appeal and (2) his trial counsel was ineffective in failing to object to the trial court's failure to instruct the jury regarding the applicable mental state for a conviction.  (Doc. 4-17 at 13-16 (Ex. L 13-16)).  The trial court summarily denied and dismissed the petition.  The Court of Criminal Appeals affirmed the denial of relief in a memorandum opinion.  (Doc. 4-20 (Ex. O)).  Ellis sought no further

review in the state courts.  (*See* Doc. 4 at 4-5; Doc. 6 at 2 (noting the petitioner's "agree[ment] with the respondent's chronology of the case")).

Ellis filed the present federal petition asserting the following claims:

1.  The trial court violated his right to a speedy trial;

2.  The evidence was insufficient to sustain his conviction;

3.  Trial counsel was ineffective in failing to object to the court's failure to instruct the jury regarding the applicable mental states and on aiding and abetting;

4.  The trial court erred when it denied his request to proceed *in forma pauperis* on appeal from his first post-conviction petition and when he was not notified that the trial court ruled on his *in forma pauperis* request;

5.  Trial counsel was ineffective when he tried the case under an accomplice theory and when he failed to request additional jury instructions concerning the required mental state for a conviction; and

6.  The trial court erred when it summarily denied his post-conviction petition because his claims were sufficiently presented and pleaded.

(Doc. 1 at 5 & 14-17).  This court issued an order requiring the respondent to appear and show cause why the requested relief should not be granted.  (Doc. 3). The respondent filed an answer asserting that the claims have not been exhausted and are procedurally barred from review or without merit.  (Doc. 4).  Ellis was afforded an opportunity to respond.  (Doc. 5).  He filed a reply wherein he agrees with the respondent's "chronology of the case" and the fact that all of his claims

except for his challenge to the sufficiency of the evidence were not exhausted in state court.  (Doc. 6 at 2-3).  As to the sufficiency of the evidence claim, he asserts he has met his burden to warrant further review.[3]  (*Id*. at 3).

## II.

To place Ellis's claims in context, it is necessary and appropriate to recite the factual findings of the Court of Criminal Appeals:

> The facts adduced at trial indicated that on September 5, 2018, John Hecker, a truck driver, was parked at a truck stop in Etowah County.  As he was sitting in his truck doing paperwork, a car drove up and stopped in the area near his truck.  Two men were in the vehicle.  One of the men got out of the vehicle and approached Hecker's truck.  The man showed Hecker a box wrapped in a bag. The box appeared to contain a computer.  The mans asked Hecker if he wanted to buy a laptop computer Hecker told the man that he was not interested, and the man returned to the car.  The men drove around the parking lot and approximately 30 minutes later, the men approached another truck located a couple of trucks down from Hecker.
>
> Richard Hausman, a truck driver with the same company that employed Hecker, was in his truck when a man, later identified as John Hightower, approached him and asked him if he was interested in buying a laptop computer.  Hausman indicate that he was interested and walked to the men's car to look a the computer.  On the backseat of the care were three computer boxes. They were packaged in brown paper and sealed in plastic and had Toshiba computer labels on them. Each box also appeared to contain a service disc affixed to it.

---

[3]Ellis also states he would "provide further pleadings to determine the facts in light of the evidence, and will provide established federal law."  (Doc. 6 at 3).  Ellis, however, has not submitted anything additional for the court's consideration.

Hightower showed the computer box to Hausman and explained all the features the alleged computer contained.  Hightower told Hausman that Hausman could purchase the computer for $300. Hausman asked Hightower if he could open the box and see the computer.  Hightower refused, stating that if Hausman decided not to buy the computer that he would have a hard time selling the computer to someone else if the box had been opened.  Hausman believed the computers to be remanufactured computers and offered Hightower $250 for the computer.  Hightower stated that he had to check with his partner and got into the car to discuss Hausman's offer with his partner, who was later identified as Ellis.  Hausman could not hear the entire conversation, but he heard Ellis say "okay" to Hightower. Hausman walked to the driver's side of the car where Ellis was sitting and asked if he would take $250 for the computer.  Ellis responded for Hausman to get the money.

Hausman went inside to the truck stop to get cash from an automated teller machine.  Hausman saw Hecker inside the truck stop and explained to Hecker that he was getting money to purchase a computer.  Hecker advised Hausman not to buy the computer. Hausman retrieved his money and walked outside.  Hightower told Hausman that they had sold two of the laptop computers while he was in the store but that they had saved the last one for him.  Hightower removed the remaining box from the back seat of the car.  Hausman again asked Hightower to remove the computer from the box. Hightower told Hausman to take the box back to his truck and inspect the computer.  Hausman gave Hightower $250, and Hightower gave Hausman the box.  Hausman placed the box on the hood of the men's car and began to open it.  Hightower told Hausman not to put the box on the car.  Hightower then opened the door to get into the car.  Ellis put the car in gear and moved forward, driving over Hausman's foot. Ellis briefly stopped the vehicle, allowing Hightower to get into the car and close the door.  Hausman reached into the passenger window and told the men, "[H]ere is your computer, give back my money." ... Hausman reached for his money.  Ellis began to drive away as Hausman, who was halfway inside the passenger door of the car, hung on.  Ellis accelerated, and Hausman pleaded for the men to stop

5

the car and give him back his money.  Hightower told Hausman to jump and began hitting Hausman with the computer box as Hausman was being dragged with the vehicle. Hausman eventually fell from the vehicle after was pushed.  He sustained several physical injuries, including bruises and a cut on the back of his heard after his head struck the payment.  The cut required staples.  When the computer boxes were recovered, police found only old newspapers inside the boxes.

(Doc. 4-10 at 1-3 (Ex. E at 1-3)).

## III.

A state prisoner is generally ineligible for federal habeas unless he has first exhausted his claims by way of remedies available in the courts of the State of conviction.  *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Secretary for Dept. of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004).  Thus, a state prisoner must first present any federal constitutional or statutory claim through one complete round of the State's trial and appellate review process, either on direct appeal or in State post-conviction proceedings.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).  Where a claim has not been exhausted in the State courts and the time in which to present the claim there has expired, the claim is deemed procedurally defaulted and review in the federal courts is generally precluded.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).  A procedural

6

default may be overcome by a showing of either (1) (a) adequate cause for having

defaulted the constitutional claim in state court and (b) resulting prejudice or (2)

actual innocence. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004). Under §

2254(b)(3), a district court is now required to address the issue of exhaustion

unless the State expressly waives the defense. *McNair v. Campbell*, 416 F.3d

1291, 1304 (11th Cir. 2005); *Dill v. Holt*, 371 F.3d 1301, 1302 n.1 (11th Cir.

2004)).

## A.

As to Ellis's first claim, that the trial court violated his right to a speedy

trial, it was presented to the Court of Criminal Appeals during his direct appeal.

(Doc. 1 at 5 (Claim 1)).[4] After weighing the relevant considerations under *Barker

v. Wingo*, 470 U.S. 514 (1972), the court held that the trial court did not abuse its

discretion in denying Ellis's motion to dismiss on speedy trial grounds. (Doc. 4-

10 at 10 (Ex. E at 10)). Although Ellis sought certiorari review from the Alabama

Supreme Court, he failed to raise this claim. (*See* Doc. 4-12 (Ex. G)).

Accordingly, it has not been properly exhausted in the Alabama state courts. *See

O'Sullivan*, 526 U.S. at 845-47. This claim would be precluded from further

review in the state courts because it would have to be advanced in a successive

---

[4]Ellis also refers to this claim as claim "A." (*See* Doc. 1 at 14).

post-conviction petition, which is prohibited under the Alabama Rules of Criminal Procedure. (*See* ALA. R. CRIM. P. 32.2(b)). It would also be prohibited because it is untimely. (*See* ALA. R. CRIM. P. 32.2(c)). Thus, it is precluded from review by this court.[5]

**B.**

Ellis's next claim is that the evidence was insufficient to sustain his conviction because the theft had already occurred and was completed before any force was used against Hausman. (Doc. 1 at 5, 15 (Claim 2)).[6] This claim was raised on direct appeal. The Court of Criminal Appeals stated that under the facts and law, "the jury could have reasonably concluded that, in the course of committing a theft, Ellis and/or his accomplice, Hightower, used force against Hausman to retain possession of the money." (Doc. 4-10 at 12-13 (Ex. E. at 12-13)). It further concluded that "the evidence was sufficient to support a conviction of second-degree robbery." (*Id.*)

Ellis is not entitled to any substantive relief on his second claim unless he demonstrates that the decision of the Court of Criminal Appeals was either "contrary to, or involved an unreasonable application of, clearly established

[5]Ellis has not alleged, much less demonstrated cause and prejudice or actual innocence to excuse the default.

[6]Ellis also refers to this claim as claim "B." (*See* Doc. 1 at 15).

Federal law" or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) & (2).  In evaluating this claim, the court must note that the factual findings of the State court are presumed to be correct and the petitioner must rebut this presumption with "clear and convincing evidence."  28 U.S. C. § 2254(e)(1).

Having carefully reviewed the decision of the Court of Criminal Appeals, this court finds that the decision is correct.  Ellis has not alleged any facts or law that demonstrates that the decision is erroneous.  He is entitled to no further review or relief.

## C.

Ellis's remaining claims concern counsel's purported ineffectiveness (doc. 1 at 5, 16-17 (Claims 3 & 5)),[7] the trial court's denial of his *in forma pauperis* status on appeal (*id*. at 16 (Claim 4)),[8] and the trial court's summary denial of his post-conviction petition (*id*. Claim 6)).[9]  Each claim, however, is barred from review for various reasons, which will be discussed below.

---

[7] Ellis also refers to these claims as "C" & "E."  (*See* Doc. 1 at 16-17).

[8] Ellis also refers to this claim as "D."  (*See* Doc. 1 at 16).

[9] Ellis also refers to this claim as  "F."  (*See* Doc. 1 at 17).

The claims regarding counsel's ineffectiveness and Ellis's appeal of the denial of his first Rule 32 petition were raised in the second Rule 32 petition, which the trial court summarily denied.  On appeal of the denial of relief by the second Rule 32 court, Ellis asserted that his trial counsel was ineffective during the trial in that he "fail[ed] to request proper jury instructions" and that the Rule 32 judge erred in failing to conduct an evidentiary hearing and grant him the requested relief.  (Doc. 4-20 at 2-3 (Ex. O) at 2-3)).  The Court of Criminal Appeals made three significant determinations in its decision.  First, it found that because Ellis did not raise his "out-of-time" appeal claim concerning his *in forma pauperis* status, it was deemed "abandoned."  (*Id*. at 3, n. 3).  Second, it determined that the ineffective assistance of counsel claims were untimely and therefore properly dismissed.  (*Id*. at 4).  Third, it determined that the trial court did not err in summarily dismissing his petition without an evidentiary hearing because the petition was precluded as being time barred.  (*Id*.)  Ellis did not seek any further review of these claims in state court.  (*See* Doc. 1 at 12-13; Doc. 4 at 4-5; Doc. 4-16 (Ex. K); Doc. 6 at 2-3).

This court finds that each of the foregoing claims are unexhausted because they were not properly raised in the state courts for the reasons articulated by the Court of Criminal Appeals.  Additionally, the claims are further unexhausted

10

because they were not presented to the Alabama Supreme Court.  *See O'Sullivan*,

526 U.S. at 845-47.  Because these claims are time-barred, it would be futile to

require further exhaustion of them.  Thus, they are procedurally defaulted for

purposed of federal habeas corpus review.[10]

## IV.

Premised on the foregoing, Ellis's petition for a writ of habeas corpus is due

to be denied and dismissed with prejudice.  Further, the court concludes that the

petition does not present issues that are debatable among jurists of reason, so a

certificate of appealability is also due to be denied.  *See* 28 U.S.C. § 2253(c);

---

[10]Ellis has not alleged, much less demonstrated cause and prejudice or actual innocence to excuse the default as to these claims.

To the extent Ellis's last claim includes a complaint that his state court petition was denied without an evidentiary hearing, it is due to be denied because it does not state a cognizable claim.  The Eleventh Circuit has stated:

> This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief.  *See, e.g., Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam).  The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.*, the conviction itself-and thus habeas relief is not an appropriate remedy. *See Quince*, 360 F.3d at 1261-62; *Spradley*, 825 F.2d at 1568.

*Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009).  Any alleged procedural errors committed by the Alabama courts in connection with denying Ellis's Rule 32 petitions, is due to be denied.

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING §

2254 PROCEEDINGS.  A separate Final Judgment will be entered.

Done this 21st day of September 2016.

L. Scott Coogler
United States District Judge

[160704]

12